## GIVENS *v.* BURGET.

The promise of a purchaser of *U. States*' land to pay a person for an improvement, which the latter had made on the land before the purchase, is valid under the statute of 1834.

ERROR to the *Jasper* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit in which *Burget* was the plaintiff. Plea, the general issue. The cause was submitted to the Court, and judgment rendered for the plaintiff.

The facts in this case necessary to be noticed are as follows: The plaintiff, in 1839 or 1840, made an improvement on a quarter section of land owned by the *United States*. The improvement consisted in ploughing a few acres of the land in a prairie, and enclosing with a fence the land so ploughed. In 1841, the defendant bought said quarter section of land of the *United States*, and took possession of it. In 1843, the plaintiff, defendant, and one *Pomeroy*, being together, the latter offered to let the defendant have certain rails (about 400), if he would pay the plaintiff for said improvement. The defendant then agreed to pay for the improvement, and afterwards made use of the rails.

The promise, as appears by the briefs of the counsel of the

Nov. Term, 1845.

parties, was made to *Burget*, but the consideration, except the improvement, moved from *Pomeroy*.

Assuming the consideration which moved from *Pomeroy*, to be insufficient to support the promise, the plaintiff would fail as the law was when the case of *Boston* v. *Dodge*, 1 Blackf. 19, was decided. But after that case a statute passed, and which was in force when the defendant's promise was made, which enacts, "that no contract made in consideration, either in whole or in part,·of the sale of any interest, real or supposed, in or to any land belonging to the *United States*, or for the occupancy thereof, or any improvement made thereon, shall, for that cause, be avoided or impeached," &c. Stat. 1834, p. 60. There can be no doubt but that under this statute, the plaintiff has a right to recover, though ·it be considered that there was no consideration for the promise but the improvement on the land made by the plaintiff (1).

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the plaintiff.

*A. L. Robinson* and *H. P. Biddle*, for the defendant.

(1) One of the considerations of the promise in the principal case—that moving from *Pomeroy*—was insufficient; *Farlow* v. *Kemp*, ante, p. 544; but the contract was not thereby invalidated. Where in assumpsit two considerations are alleged, the one good and sufficient, the other idle and vain, proof of that which is good will suffice. *Crisp* v. *Gamel*, Cro. Jac. 127.—Bull. N. P. 147.—1 Chitt. Pl. 323. Or if the declaration, in such case, set out the valid consideration without noticing the frivolous one, there will be no variance. 1 Chitt. Pl. 328.— *Thomas* v. *Thomas*, 2 Adol. & Ell. N. S. 851. Where, however, one of the considerations is illegal, the whole contract is void. *Featherston* v. *Hutchinson*, Cro. Eliz. 199.— *Waite* v. *Jones*, 1 Bingh. N. C. 656.—*Shackell* v. *Rosier*, 2 id. 634.—*Jones* v. *Waite*, 5 Bingh. N. C. 341.